IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

AMBER E. OVENS,                                                : CHAPTER 13

Debtor

: BANKRUPTCY NO. 15-15823

## CLARIFIED SECOND AMENDED CHAPTER 13 PLAN OF THE DEBTOR

1. If the Debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code, unsecured creditors would not receive any payments. These creditors would not receive less under this Plan.

2. The Debtor shall submit to the supervision and control of the Trustee payments in the total amount of $7600 through March, 2017, and thereafter payments in the total amount of $18,765.38, at $458/month, for the remaining 41 months of the 60-month term of the plan.

3. The various claims of the Debtor's creditors are classified in this Plan as follows:

A. Class One: Claims filed and allowed which are entitled to priority. These claims include the Trustee's commissions and the balance of attorney's fees and costs due to the Debtor's counsel, which counsel does not believe will exceed $3000.

B. Class Two: The claim for arrears on the mortgage on the Debtor's residence at 401 Sycamore Avenue, Croydon, PA. 19021, held by Colonial Savings ("Colonial"). The Debtor, will cure the arrears allowed to Colonial through her payments to the Trustee. Since Colonial did not file any timely proof of claim, the Debtor filed a proof of claim on behalf of Colonial which provided for arrears in the total amount of $18,000. In addition, the Debtor is obliged to pay an additional $2468, to make up for alleged insufficient post-petition payments through March, 2017. The Debtor will also continue to make post-petition payments, which, after March, 2017, shall not be more than $1389.90/month.

C. Class Three: All other claims filed and ultimately allowed.

5. The payments received by the Trustee from the Debtor shall be distributed first to allowed Class One claims; secondly, to any allowed arrearage claim for the Class Two creditor; and thereafter to allowed Class Three claimants pro rata.

6. Title of all property of the estate shall revest in the Debtor upon confirmation of a Plan, and the Debtor shall have the sole right to the use and possession of same.

7. Upon application, the Debtor may alter the amount and timing of payments under this Plan.

8. The automatic stay shall remain in full force and effect until this case is closed or if relief is granted to any interested party. After confirmation, relief from the automatic stay shall be granted only for cause, after motion and notice and a hearing.

9. Upon completion of this or any other duly confirmed plan, it will be deemed that all arrears owed to Colonial are cured and only the regular mortgage payments due after discharge will be payable to Colonial.  Also, a discharge of all dischargeable other debts other will be entered in favor of the Debtor.


Dated:  4-10-17

/s/ _____

   DAVID  A. SCHOLL

   Attorney for Debtor